SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

THOMAS GATTI,

                                                 Plaintiff,

-against-

SEVERN PEANUT COMPANY, INC.

                                                 Defendant.

Index No.:

**VERIFIED COMPLAINT**

Plaintiff Thomas Gatti ("Plaintiff"), by and through his undersigned attorney, brings this as his Verified Complaint, and alleges as follows.

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for monetary damages and injunctive relief arising from Defendant Severn Peanut Company, Inc. ("Severn or Defendant") processing, distribution, and sale of unreasonably unsafe food products to consumers which have harmed Plaintiff and threaten to harm others.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the Defendant pursuant to CPLR §§301 and 302, as the Defendant transacts business within New York, supplies goods to the state of New York, committed tortious acts which foreseeably caused damages in the State of New York.

3. Venue is proper in this County pursuant to CPLR § 503(a).

4. Plaintiff's claims against Defendant arise out of business transactions and damages stemming from tortious conduct, occurring in the State and County of New York.

## PARTIES

5. Plaintiff Thomas Gatti was at all times relevant to this Complaint an individual and citizen of the State of New York, residing in New York in New York County.

6. Upon information and belief, Defendant Severn was at all relevant times a foreign corporation with its principal office located in Severn, North Carolina, doing business within the state of New York but not duly authorized by the New York Secretary of State to conduct business in this state. Severn manufactures and distributes food products, including the shelling and manufacturing of peanuts, and retails peanuts under its Hampton Farms brand and various private labels, including the Kirland peanuts forming the subject matter of this action.

## STATEMENT OF FACTS

7. Plaintiff purchased the defendant's Kirkland Super Extra-Large Peanuts (the "Peanuts") on the website of internet retailer Amazon.com.

8. The Peanuts purchased by plaintiff arrived in a sealed package placed into the stream of commerce by Severn.

9. Plaintiff used the defendant's Peanuts as intended. But while consuming them bit down upon an item of unknown provenance but referred to by defendant as a "petrified peanut," which should not have been in the package. The petrified peanut caused significant damage to plaintiff's teeth requiring extensive reconstructive dental care at considerable pain and expense.

10. The origin of the "petrified peanut" is unknown to plaintiff but should not have been included in the package of consumable Peanuts sold by defendant. It's inclusion in the package rendered the product unreasonably dangerous to consumers attempting to eat them as intended – as plaintiff learned to his peril.

11. As a result of attempting to consume the "petrified peanut," plaintiff suffered significant physical damage requiring extensive, expensive, and painful medical treatment.

## FIRST CAUSE OF ACTION
### (Strict Products Liability-Manufacturing Defect)

12. Plaintiff repeats and realleges each and every allegation contained in paragraphs

"1" through "11" of this Verified Complaint as if more fully set forth at length herein.

13. The Severn manufactured Peanuts were in a defective condition due to the presence of the "petrified peanut" which was the result of manufacturing errors or omissions, and therefore rendered the product unreasonably dangerous for its intended use.

14. Plaintiff used the defendant's Peanuts in a manner which was reasonable and foreseeable – he tried to eat them – and was injured as a proximate result.

15. Defendant is strictly liable for plaintiff's injuries and damages regardless of the care exercised in the manufacture or sale of the Peanuts.

## SECOND CAUSE OF ACTION
### (Strict Products Liability-Failure to Warn)

16. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "15" of this Verified Complaint as if more fully set forth at length herein.

17. Defendant knew or should have known of the potential for the presence of noncomestible "petrified peanuts" in the Peanuts that harmed the plaintiff, and therefore carried unreasonable risk of harm to consumers attempting to eat them as intended.

18. Despite the foreseeable risks, defendant failed to provide adequate warnings to consumers purchasing or consuming its products of the danger of "petrified peanuts" contained in the package along with the comestible Peanuts.

19. Had adequate warnings of these dangers been made clear and not omitted from the product's label, plaintiff would have taken proper precautions to avoid injury, but instead suffered physical and other damages.

## THIRD CAUSE OF ACTION
### (Negligence)

20. Plaintiff repeats and realleges each and every allegation contained in paragraphs

"1" through "19" of this Verified Complaint as if more fully set forth at length herein.

21. Defendant owed a duty to plaintiff to exercise reasonable care in the shelling, processing, packaging, inspection, testing, and labeling of the Peanuts that harmed plaintiff.

22. Defendant breached its duty of care by failing to properly shell, process, package, inspect, test, and label its Kirkland peanuts, as well as by failing to recall the peanuts once those dangers became known.

23. Defendant's negligent acts and omissions were the proximate cause of plaintiff's injuries and the damages he suffered.

### FOURTH CAUSE OF ACTION
### (Breach of Implied Warranty of Merchantability)

24. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "23" of this Verified Complaint as if more fully set forth at length herein.

25. Severn's affirmations of fact and/or promises relating to the Peanuts created implied warranties that the product purchased by plaintiff were safe and without dangerous defects.

26. Every contract for goods contains an implied warranty that they are fit for their intended purpose, which the defendant's Peanuts were not.

27. As a result of the foregoing, defendant breached its implied warranty and plaintiff has suffered damages as a proximate result.

### FIFTH CAUSE OF ACTION
### (Violation of NY Gen. Bus. Law §§349)

28. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "27" of this Verified Complaint as if more fully set forth at length herein.

29. By virtue of its undisclosed sale of unsafe products that have undergone insufficient quality control to remove "petrified peanuts" and other unreasonably dangerous materials from its

Peanuts, defendant is engaging in an act or practice that is deceptive or misleading in a material way and plaintiff has been injured therefrom.

30. Unless it is enjoined, the defendant will continue to conduct its activity in violation of GBL §349 and cause harm to the public.

31. Plaintiff has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests Judgment against Defendant as follows:

      A. Awarding plaintiff compensatory damages in an amount to be determined by a jury.

      B. Issuing an injunction against the defendant enjoining it from acts in connection with the sale of its Peanuts that violate N.Y. Gen. Bus. Law §349.

      C. Awarding plaintiff the costs and expenses of this litigation, including reasonable attorney's fees, expert fees, and other reasonable disbursements;

      D. Awarding plaintiff such other and further relief as may be deemed just and equitable.

Dated: July 30, 2025
      New York, New York

                                     LAX LLP

                              By: _____
                                     Robert I. Lax, Esq.
                                     380 Lexington Avenue, 31st Floor
                                     New York, New York 10168
                                     (212) 818-9150
                                     rlax@lax-law.com

## VERIFICATION

**Thomas Gatti**, affirms under penalty of perjury the following:

1. I am the Plaintiff in this action.

2. I have read the foregoing Verified Complaint and know the contents thereof. The same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.

3. The grounds of my belief as to those matters are based upon my own understanding gained from my own experience, files, and publicly available information.

_____
Thomas Gatti

Dated: 7/31/25